UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**IRENE M. PEART,**

       **Plaintiff,**

**v.**                                                 **Case No:   6:13-cv-287-Orl-GJK**

**COMMISSIONER OF SOCIAL SECURITY,**

       **Defendant.**

## MEMORANDUM OF DECISION

Irene M. Peart (the "Claimant"), appeals to the District Court from a final decision of the Commissioner of Social Security (the "Commissioner") denying her application for benefits. Doc. No. 1. Claimant argues that the Administrative Law Judge (the "ALJ") erred by: 1) finding her testimony concerning her pain and limitations not credible; 2) failing to consider and weigh all the relevant medical and opinion evidence in determining her residual functional capacity ("RFC"); and 3) posing a hypothetical question to the Vocational Expert ("VE") that did not adequately define her limitations. Doc. No. 24 at 8-16. For the reasons set forth below, the Commissioner's final decision is **REVERSED** and **REMANDED** for further proceedings.

**I.**     **STANDARD OF REVIEW.**

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla — i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th

Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971)); *accord Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991).

Where the Commissioner's decision is supported by substantial evidence, the District Court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards*, 937 F.2d at 584 n.3; *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The District Court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560; *accord Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (court must scrutinize the entire record to determine reasonableness of factual findings); *Parker v. Bowen*, 793 F.2d 1177, 1180 (11th Cir. 1986) (court also must consider evidence detracting from evidence on which Commissioner relied). The District Court "'may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner].'" *See Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) (quoting *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)).

**II.   ANALYSIS.**

   **A. Credibility.**

Claimant argues that the ALJ's credibility determination consisted solely of a boiler plate paragraph indicating that he found Claimant's medically determinable impairments could cause the alleged symptoms, but that her testimony concerning the intensity, persistence, and limiting effects of the symptoms was not credible. Doc. No. 24 at 15-16. In light of this conclusory finding, Claimant argues that the ALJ's decision is not supported by substantial evidence. Doc. No. 24 at 16. In response, the Commissioner argues that the ALJ did articulate specific reasons for discrediting Claimant's testimony, and that his reasons are supported by the record. Doc. No.

25 at 15-18. As a result, the Commissioner argues that the ALJ's decision is supported by substantial evidence. Doc. No. 25 at 18.

In the Eleventh Circuit, subjective complaints of pain are governed by a three-part "pain standard" that applies when a claimant attempts to establish disability through subjective symptoms. By this standard, there must be: 1) evidence of an underlying medical condition and either 2) objective medical evidence that confirms the severity of the alleged symptom arising from the condition or 3) evidence that the objectively determined medical condition is of such severity that it can be reasonably expected to give rise to the alleged pain. *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991) (citing *Landry v. Heckler*, 782 F.2d 1551, 1553 (11th Cir. 1986)). "20 C.F.R. § 404.1529 provides that once such an impairment is established, all evidence about the intensity, persistence, and functionally limiting effects of pain or other symptoms must be considered in addition to the medical signs and laboratory findings in deciding the issue of disability." *Foote*, 67 F.3d at 1561; 20 C.F.R. § 404.1529.[1] Thus, once the pain standard is satisfied, the issue becomes one of credibility.

---

[1] Social Security Ruling 96-7p provides: "2. When the existence of a medically determinable physical or mental impairment(s) that could reasonably be expected to produce the symptoms has been established, the intensity, persistence, and functionally limiting effects of the symptoms must be evaluated to determine the extent to which the symptoms affect the individual's ability to do basic work activities. This requires the adjudicator to make a finding about the credibility of the individual's statements about the symptom(s) and its functional effects.

3. Because symptoms, such as pain, sometimes suggest a greater severity of impairment than can be shown by objective medical evidence alone, the adjudicator must carefully consider the individual's statements about symptoms with the rest of the relevant evidence in the case record in reaching a conclusion about the credibility of the individual's statements if a disability determination or decision that is fully favorable to the individual cannot be made solely on the basis of objective medical evidence.

4. In determining the credibility of the individual's statements, the adjudicator must consider the entire case record, including the objective medical evidence, the individual's own statements about symptoms, statements and other information provided by treating or examining physicians or psychologists and other persons about the symptoms and how they affect the individual, and any other relevant evidence in the case record. An individual's statements about the intensity and persistence of pain or other symptoms or about the effect the symptoms have on his or her ability to work may not be disregarded solely because they are not substantiated by objective medical evidence." SSR 96-7p, 1996 WL 374186, at *1 (1996).

A claimant's subjective testimony supported by medical evidence that satisfies the standard is itself sufficient to support a finding of disability. *Foote*, 67 F.3d at 1561. "If the ALJ decides not to credit a claimant's testimony as to her pain, he must articulate explicit and adequate reasons for doing so." *Id*. at 1561-62; *see also* SSR 96-7p, 1996 WL 374186, at *2 ("It is not sufficient for the adjudicator to make a single, conclusory statement that 'the individual's allegations have been considered' or that 'the allegations are (or are not) credible.'"). A reviewing court will not disturb a clearly articulated credibility finding with substantial supporting evidence in the record. *Foote*, 67 F.3d at 1562. The lack of a sufficiently explicit credibility finding may give grounds for a remand if the credibility is critical to the outcome of the case. *Id*.

At step two of the sequential evaluation process, the ALJ found that Claimant's psychotic disorder and depressive disorder are severe impairments. R. 13. At step four of the sequential evaluation process, the ALJ provided the following accurate summary of Claimant's testimony:

> The claimant testified that she came to the hearing by bus. She had prior work as a restaurant worker and housekeeper. The claimant is alleging all mental impairments, no physical problems. The claimant stated she hears voices all the time. They tell her to hurt herself. She does not get along with people. She has not used cocaine or marijuana since 2008. During the day, she fixes breakfast, eats and watches television. She checks the mail. She has no energy from the medications. She cleans and cooks. As long as she is by herself, she is okay. Sometimes she thinks of suicide.

R. 16. Immediately following this summary, the ALJ proceeded to address Claimant's credibility, stating:

> After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment.

R. 16-17.  Thereafter, the ALJ proceeded to discuss the impact of Claimant's prior drug abuse on her mental health; the mental RFC assessment (R. 417-19) and psychiatric review technique (R. 421-33) completed by Dr. Nunez, a non-examining doctor acting as a state agency consultant; treatment records from the Orange Blossom Family Health Center (R. 435), Dr. Vilar (R. 411-15), and Dr. Ramirez (R. 368-70); Claimant's testimony concerning her medications' ability to quell the voices in her head; Claimant's appearance at the hearing; and reasons why he agreed with Dr. Nunez's opinions.  R. 17-18.  At the conclusion of this discussion, the ALJ proceed to find that Claimant "has moderate non-exertional mental limitations" and explained how those limitations affect her ability to function.  R. 18.

The above quoted credibility determination is boilerplate language commonly found in Social Security decisions.  *See Howell v. Astrue*, Case No. 8:10-CV-2175-T-26TGW, 2011 WL 4002557, at *3 (M.D. Fla. Aug. 16, 2011) (noting that boilerplate credibility determinations are common) *report and recommendation adopted*, 2011 WL 3878365 (M.D. Fla. Sept. 2, 2011).  In many cases, this boilerplate credibility determination is followed by specific facts that support a less restrictive RFC than that which would be found if claimant's testimony were found to be credible.  In this case, however, the ALJ failed to clearly articulate any reasons in support of his credibility determination.  *See* R. 16-18.  Without articulating reasons in support of his credibility determination the Court is unable to conduct a meaningful review of the ALJ's decision, and therefore finds that the ALJ's decision is not supported by substantial evidence.

The Commissioner attempts to overcome the ALJ's failure to articulate a basis for his credibility determination by arguing that the ALJ's discussion following the boilerplate credibility determination was intended as support therefor.  Doc. No. 25 at 16-18.  The Court finds this *post hoc* rationalization unavailing.  *See, e.g.*, *Dempsey v. Comm'r of Soc. Sec.*, 454 F. App'x 729, 733

(11th Cir. 2011) (A court will not affirm based on a post hoc rationale that "might have supported the ALJ's conclusion.") (quoting *Owens v. Heckler*, 748 F.2d 1511, 1516 (11th Cir. 1984)). There is nothing in the ALJ's decision that indicates that the discussion following the boilerplate credibility determination was intended as support therefor. *See* R. 17-18. The discussion following the boilerplate credibility determination could easily have been intended to support the ALJ's subsequent finding that Claimant "has moderate non-exertional mental limitations[,]" as the evidence discussed and findings made in that portion of the ALJ's decision would support such a conclusion. The ALJ's opinion simply lacks any articulated factual basis supporting his credibility finding. Accordingly, the Court finds that the case must be remanded for further proceedings. *See, e.g.*, *Howell*, 2011 WL 4002557, at *5 (remanding case to Commissioner due to ALJ's failure to provide a meaningful explanation for his credibility determination).[2]

### III. CONCLUSION.

For the reasons stated above, it is **ORDERED** that:

1. The final decision of the Commissioner is **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g); and

2. The Clerk is directed to enter judgment for Claimant and close the case.

**DONE** and **ORDERED** in Orlando, Florida on March 24, 2014.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies to:

---

[2] The Court finds this issue dispositive and does not address Claimant's remaining arguments. *See Diorio v. Heckler*, 721 F.2d 726, 729 (11th Cir. 1983) (on remand the ALJ must reassess the entire record).

Counsel of Record

The Court Requests that the Clerk
Mail or Deliver Copies of this order to:

The Honorable Douglas A. Walker
Administrative Law Judge
c/o Office of Disability Adjudication and Review
3505 Lake Lynda Dr.
Suite 300
Orlando, FL 32817-9801